## Quigley Estate

*William F. Fox*, for accountant.

TAXIS, P. J., May 25, 1960— . . . Item x of the will provides:

· "I direct that all shares of principal and income hereby given shall be free from anticipation, assignment, pledge or obligations of beneficiaries, and shall not be subject to any execution or attachment, so far as may be permissible in law." . . .

The question is submitted in the petition for adjudication whether this assignment by Rose Marie Forcinio to the Department of Welfare is a valid assignment, and whether the share due Rose Marie Forcinio is payable to the Department of Public Welfare. The purpose of the assignment, as well as the basis of the judgment, is to recover the sums paid by the Commonwealth for the maintenance, support and shelter of the legatee in the form of public assistance.

I believe it may be assumed quite reasonably that the intention of testatrix would not be to foreclose the right of the Commonwealth to recover for furnishing the legatee with such fundamental necessities of life, and it is to be considered, also, that the legatee has not appeared to object to the validity of the assignment or to the effectiveness of the judgment. It would seem, therefore, that under the authority of Sproul-Bolton v. Sproul-Bolton, 383 Pa. 85, the spendthrift trust provision is ineffective to bar the claim of the Commonwealth as presented. (See also Restatement, Trusts 2d §157.)

I direct, therefore, that the legacy of $400 bequeathed to Rose Marie Quigley, now Forcinio, subject to deduction for transfer inheritance tax paid thereon, and the one-sixteenth share of residue to which she would be entitled as one of the children of Charles Quigley, be paid to the Commonwealth, Department of Welfare, on account of its claim on judgment in the sum of $2,439.20. . .